**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Lozano Solis, | No. CV-17-02378-PHX-ROS (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

On June 11, 2018, the Court determined Plaintiff had stated claims against numerous defendants, including Defendant M. Johnson, for allegedly denying Plaintiff "adequate medical treatment" in 2016. (Doc. 16 at 8). The United States Marshals completed service of process on some defendants but were unable to complete service of process on Johnson. (Doc. 26, 55, 56). On October 11, 2018, Magistrate Judge Deborah M. Fine entered a Scheduling and Discovery Order. (Doc. 31 at 1). That Order stated "[a]ll motions to amend the complaint or add parties shall be filed by November 25, 2018." (Doc. 31 at 2). Plaintiff did not seek to amend prior to that date.

On March 26, 2019, Plaintiff filed a "Motion for Leave to Amend Count 3." (Doc. 90). According to that document, Plaintiff wishes to "change from defendant Johnson to defendant R. Stewart." (Doc. 90 at 1). Plaintiff explains he "had problems serving defendant M. Johnson" so he requests he be allowed to name R. Stewart, the current "Regional Medical Director," in Count 3 instead of Johnson. (Doc. 90 at 1). Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending

the motion to amend be denied as untimely and futile.

As explained by Magistrate Judge Bibles, the motion to amend was filed long after the November 25, 2018, deadline for such motions. In addition, there are no allegations "how Stewart himself acted to violate Plaintiff's constitutional right to adequate medical care." (Doc. 109 at 2). In his objections, Plaintiff states he would have amended sooner if he had known there would be difficulties in locating Johnson. Plaintiff also states he wishes to name Stewart as a defendant because Stewart has implemented an "unconstitutional policy" involving inadequate medical treatment.

Upon a de novo review, the R&R correctly concludes the motion to amend should be denied. To begin, the motion is untimely. If Plaintiff believed he had claims against Stewart involving the events in 2016, he should have included them long ago. The fact that Johnson could not be served is irrelevant to whether Stewart should have been named as a defendant earlier. Beyond the timeliness issue, the R&R also correctly concludes Plaintiff has not alleged sufficient facts to state a plausible claim against Stewart regarding events in 2016. Plaintiff's only allegation regarding Stewart is that Plaintiff brought the inadequate medical care to Stewart's attention in February 2019. Alerting Stewart in 2019 that Plaintiff suffered inadequate medical care in 2016 does not state a plausible claim for relief against Stewart.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 109) is **ADOPTED**.

**IT IS FURTHER ORDERED** the Motion to Amend (Doc. 90) is **DENIED**.

Dated this 30th day of May, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge