**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Lozano Solis, | No. CV-17-02378-PHX-ROS (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Magistrate Judge Camille D. Bibles has issued a Report and Recommendation ("R&R") regarding Plaintiff's request to amend his complaint as well as an R&R regarding the dismissal of an unserved defendant. (Doc. 132, 136). Plaintiff filed a single document that appears to contain objections to both R&Rs. (Doc. 143). Those objections, however, are not convincing.

The first R&R recommends the Court deny Plaintiff's motion to amend his complaint. According to Plaintiff's motion, he needs to amend to clear up possible confusion regarding his "count one failure to protect claim against defendant Acosta." (Doc. 121 at 1). In Plaintiff's view, the clarification would make clear that Defendant Acosta was responsible for the first taser shot while Defendant Rowe was responsible for the second taser shot. In opposing the motion, Defendants state it is already "abundantly clear that Plaintiff is alleging Defendant Rowe tased him the second time and not Defendant Acosta." (Doc. 125 at 2). Based in part on Defendants' concession, the R&R recommends the motion to amend be denied as unnecessary. Plaintiff's objections do not

provide any reason to doubt that conclusion.  Therefore, the R&R will be adopted in full.[1]

The second R&R involves Plaintiff's failure to complete service of process on Defendant Johnson.  After an original service attempt on Defendant Johnson was unsuccessful, the Court ordered the Defendants who had already appeared to submit Johnson's last known address under seal.  Defendants did so but when the U.S. Marshal attempted service at that address, the current resident stated Johnson no longer lived there.  Plaintiff now claims he has done all he can and it is the Marshal's responsibility to complete service on Johnson.  That is incorrect.

As pointed out by the R&R, "[i]t is not a federal judge's role or responsibility to investigate a defendant's whereabouts so a plaintiff may serve process." (Doc. 136 at 3).  Plaintiff has not provided sufficient information for the U.S. Marshal to complete service of process on Defendant Johnson.  *See Brownen v. Giovani*, No. CV-14-00590-PHX-SPL, 2014 WL 4980853, at *3 (D. Ariz. Oct. 3, 2014) ("[T]he Court is not required to act as an investigative body in ascertaining a correct address for Defendant.").  Therefore, Plaintiff's claims against her will be dismissed without prejudice.  *See* Fed. R. Civ. P. 4(m).

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 132) is **ADOPTED**.  The Motion to Amend (Doc. 121) is **DENIED**.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 136) is **ADOPTED**.  All claims against Defendant M. Johnson and Maureen Johnson are **DISMISSED WITHOUT PREJUDICE**.

Dated this 16th day of August, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] Even if there had been some ambiguity, the deadline for amendments to the complaint passed long ago.  Thus, the motion to amend would be denied on that basis as well.